**No. 62870.**—Buck's, Inc. *v.* United States, protest 303503–K (Galveston).

MOLLISON, Judge: The merchandise the subject of this protest is described on the invoice as "Window—Niches" and was assessed with duty at the rate of 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified, as manufactures wholly or in chief value of wood, not specially provided for. The protest claim is for free entry under the provision in paragraph 1774 of the said act, as amended by the Act of June 12, 1952, 66 Stat. 137, providing for free entry of—

Altars, pulpits, communion tables, baptismal fonts, shrines, or parts of any of the foregoing * * * imported in good faith for the use of, either by order of or for presentation (without charge) to, any corporation or association organized and operated exclusively for religious purposes.

At the trial of the issue, it was established that the niches were imported for donation to, and for the use of, St. John's Episcopal Church in Wichita, Kans. It was also established that the niches were designed as an extension of the main altar table, so as to enlarge the same; that they, in fact, are a part of the reredos of the altar; and that the altar table and reredos, including the subject niches, form a single unit in harmonious design constituting the altar of the church.

We are of the opinion that the record evidence establishes that decision in this case must be in accordance with the principles expressed in our decision in *Bernardini Studios* v. *United States*, 39 Cust. Ct. 281, C.D. 1942, cited by counsel for the plaintiff in the brief filed in its behalf.

The protest claim is, therefore, sustained and judgment will issue accordingly.

**No. 62871.**—Express Forwarding & Storage Co., Inc. *v.* United States, protest 58/3098 (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of blown rabbit hair similar in all material respects to that the subject of Abstract 61281, the claim of the plaintiff was sustained.

**No. 62872.**—China Dry Goods Co. and Frank P. Dow Co., Inc., et al. *v.* United States, protests 330246–K, etc. (San Francisco).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of iron pictures the same in all material respects as those the subject of *Marshall Field & Co.* v. *United States* (45 C.C.P.A. 72, C.A.D. 676), the claim of the plaintiffs was sustained, with the exception of such merchandise shown on entry 5286, under protest 326138–K, which was entered prior to June 30, 1956. Said merchandise was held dutiable at 22½ percent under paragraph 397, as modified by the General Agreement on Tariffs and Trade (T.D. 51802).